**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| REMBRANDT VISION TECHNOLOGIES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON VISION CARE, INC. <br><br> Defendant. | CIVIL ACTION NO. 2:09-CV-00200-TJW <br><br><br> **JURY TRIAL DEMANDED** |

**DOCKET CONTROL ORDER**

In accordance with the case status conference held herein on the 14th day of December, 2009, it is hereby ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **May 7, 2012** | Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| **April 23, 2012** | Pretrial Conference – 9:30 a.m./p.m. in **Marshall, Texas** |
| **April 13, 2012** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **April 6, 2012** | **Motions *in Limine* Due** |
| | The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regard by 1:00 p.m. three (3) business days before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instructions(s). |

1

| | |
|---|---|
| **February 7, 2012** | Reply Memoranda to Dispositive Motions |
| **January 20, 2012** | Response to Dispositive Motions (including Daubert motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **December 9, 2011** | Deadline for filing dispositive motions and any other motions that may require a hearing (including *Daubert* motions). |
| **October 31, 2011** | Expert discovery deadline |
| **September 16, 2011** | Designate Rebuttal Expert Witnesses other than claim construction; Expert witness report due. Refer to Discovery Order for required information. |
| **August 15, 2011** | Party with the burden of proof to designate Expert Witnesses other than claim construction; Expert witness report due. Refer to Discovery Order for required information. |
| **August 1, 2011** | Comply with P.R. 3-7. |
| **July 1, 2011** | Fact discovery deadline |
| **April 6, 2011** | Claim construction hearing 9:00 a.m., Marshall, Texas |
| **March 4, 2011** | Comply with P.R. 4-5(c) |
| **February 23, 2011** | Comply with P.R. 4-5(b) |
| **January 28, 2011** | Comply with P.R. 4-5(a) |
| **January 14, 2011** | Discovery deadline for claim construction issues |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a part fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

81202568.1

| | |
|---|---|
| **December 17, 2010** | Comply with P.R. 4-3. |
| **December 3, 2010** | Comply with P.R. 4-2. |
| **November 17, 2010** | Comply with P.R. 4-1. |
| **November 3, 2010** | Join Additional Parties |
| **August 4, 2010** | Respond to Amended Pleadings |
| **July 14, 2010** | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit.  It is necessary to file a Motion to Leave to Amend after the amended pleadings date set forth herein).** |
| **April 23, 2010** | Comply with P.R. 3-3 and 3-4. |
| **March 5, 2010** | Comply with P.R. 3-1 and 3-2. |

LIMITATIONS ON MOTIONS PRACTICE

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

**Motions to Strike Expert Testimony/Daubert Motions**: Prior to filing any Motions to Strike or Daubert Motions, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than three (3) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing Motions to Strike or Daubert Motions. Answering letter briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than two (2) pages and filed with the Court no later than five (5) days thereafter. The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 12th day of April, 2010.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

81202568.1