**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT VISION TECHNOLOGIES, L.P., <br>     Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON VISION CARE, INC., <br>     Defendant. | § § § § § § § § § § | CIVIL ACTION NO. 2:09-cv-200-TJW |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Before the Court is the Defendant Johnson & Johnson Vision Care, Inc.'s ("JJVC") Motion to Transfer to the United States District Court for the Middle District of Florida.  (Dkt. No. 49.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).  The balance of the private and public factors demonstrates that the transferee venue is "clearly more convenient" than the venue chosen by Plaintiff Rembrandt Vision Technologies, L.P. ("Rembrandt").  *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

In this case, Rembrandt is suing JJVC for patent infringement of Rembrandt's U.S. Patent No. 5,712,327 ("'327 Patent"). Rembrandt is a New Jersey limited partnership with offices in Pennsylvania, and no facilities in Texas. The named inventors of the '327 patent own a house in the Middle District of Florida and have no connection to Texas. In fact, the only meaningful connection Rembrandt has with the Eastern District of Texas is this lawsuit and other lawsuits it has filed. JJVC, on the other hand, has also recently been involved in patent litigation in the Middle District of Florida involving the same accused products. Furthermore, JJVC is a Florida corporation, with headquarters in Jacksonville, Florida, where it employs over 1,200 people and manufactures the accused products. Due largely to the abovementioned facts, JJVC has filed this motion to transfer to the Middle District of Florida.

## III. Analysis

### A. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

### B.   Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. The parties do not dispute that this case could have been filed in the Middle District of Florida, as venue would be proper there as it is in the Eastern District of Texas. Therefore, the threshold determination is met in this case.

## C. Analysis of Private and Public Interest Factors

### 1. *Unique Judicial Economy Issues in This Case*

Before proceeding into all the public and private interest factors, the Court addresses two unique issues related to judicial economy. Although the burden in this motion is on JJVC, Rembrandt raises two judicial economy reasons why the Court should not transfer venue: (1) judicial economy weighs against transfer because of this Court's experience with the patents-in-suit; and (2) judicial economy weighs against transfer because JJVC waited seventeen months to file this motion to transfer.

Because both the undersigned and Magistrate Judge Everingham are retiring from the bench on October 1, 2011, these issues do not weigh as heavily, with respect to judicial economy, as they may have otherwise. Issues of "judicial economy" are generally considered in connection with the "other practical problems" private interest factor. *See Software Rights Archive, LLC v. Google, Inc.*, Civ. No. 2:07-CV-511-CE, 2010 WL 2950351, at *3-4 (E.D. Tex. July 22, 2010). In this case, Rembrandt's argument with respect to the seventeen-month delay is an issue of judicial economy. *See id.* Further, the Court's familiarity with the particular case is also an issue of judicial economy. *Id.*

With respect to the Court's familiarity and experience with the patents-in-suit, due to the approaching retirement of both the undersigned and Magistrate Judge Everingham, there will no longer be a judge in the Marshall Division with familiarity of this case. Therefore, the Court's current familiarity is of no further use in this case, given that this Court has already performed a claim construction in this case and neither the undersigned nor Magistrate Judge Everingham will be available to try this case in May of 2012. As such, the Court's familiarity and experience,

4

under the unique facts of this case, do not affect the analysis of judicial economy or the other private or public interest factors.

With respect to the seventeen-month delay in filing this motion to transfer venue, though not commendable, under the unique facts of this case, the Court holds that the delay is not sufficient for this Court to keep the case in the Eastern District of Texas. The timing of the undersigned's announcement of retirement is important in considering JJVC's delay. The undersigned informed President Barrack Obama, via a letter on September 29, 2010, that the undersigned would be retiring effective October 1, 2011.[1] Approximately three months later, on January 7, 2011, JJVC filed this motion to transfer venue. (Dkt. No. 49.) Although the undersigned informed the President of his retirement on September 29, 2010, as a practical matter, the announcement may not have reached the parties in this case for a couple weeks or months. Thus, JJVC filed this motion to transfer venue three months after learning of the undersigned's retirement—and potentially less than three months. As indicated above, the undersigned's announcement of retirement shifts the analysis of the private and public interest factors more in the direction of transferring venue, so it is reasonable that JJVC may have decided to file the motion to transfer venue only after learning of the undersigned's retirement.

Though in *Novartis Vaccines & Diagnostics, Inc. v. Wyeth* this Court has found that a sixteen-month delay may "weigh heavily against transfer," that case is distinguishable because the motion to transfer was not filed soon after the judge on the case announced his retirement. 2:08-cv-76-TJW-CE, 2010 WL 1374806 (E.D. Tex. Mar. 31, 2010) (Everingham, M.J.).

---

[1] Magistrate Judge Everingham did not announce his retirement until approximately June of 2011. Magistrate Judge Everingham will also be retiring from the bench on October 1, 2011.

Therefore, under the unique facts of this case, the seventeen-month delay does not weigh as heavily against transfer.[2]

2. *Private Interest Factors*

The private interest factors weigh in favor of transfer in this case. As stated above, "[t]he private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203).

The Court has reviewed the applicable law and the parties' positions in their respective briefs. The first factor, the relative ease of access to sources of proof, slightly weighs in favor of transfer. The second factor, the availability of compulsory process, slightly weighs in favor of transfer. The third factor, the cost of attendance for willing witnesses, weighs in favor of transfer. For the fourth factor, which is "other practical problems," although the Court has stated that the seventeen-month delay does not weigh as heavily against transfer given the unique facts of this case, the delay does slightly weigh against transfer. On the other hand, the Middle District of Florida has experience with prior patent litigation involving the same accused products, which

---

[2] The Court also observes that in an attempt to cure the seventeen-month delay, JJVC has offered to stipulate that it will keep the current trial schedule in this case if transferred to the Middle District of Florida. (Dkt. No. 49, at 8-10.) This stipulation would help alleviate the concern that this case would be delayed by transferring venue, which is obviously a factor weighing against transfer. However, this Court has neither the power nor desire to schedule the trial in the Middle District of Florida. Furthermore, although the parties may request a certain schedule in the Middle District of Florida, it is the power of the presiding court in the Middle District of Florida to ultimately schedule the trial and other deadlines in its own court. Therefore, because neither the parties nor this Court have the power to enforce this stipulation, this Court will not take into account the stipulation in deciding this motion to transfer venue. Nonetheless, the transferee court in the Middle District of Florida is certainly free to consider JJVC's stipulation offer, in a filing in this Court, in determining whether to maintain the current trial schedule.

weighs in favor of transfer. *See Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 648 F. Supp. 2d 1294 (M.D. Fla. 2009). Therefore, on balance the fourth private factor is neutral.

### 3. *Public Interest Factors*

The public interest factors also weigh in favor of transfer. "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203).

For the first factor, the administrative difficulties flowing from court congestion, JJVC states that this factor favors transfer because the average time to trial in the Middle District of Florida is 21.9 months and the time to trial in the Eastern District of Texas is 25.8 months. Rembrandt argues that this factor weighs against transfer because further delay is likely given the quickly approaching current trial date and the history of a slow trial (5 years) in the *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.* case in the Middle District of Florida. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *In re Genentech*, 566 F.3d at 1347. Given the speculative nature of this factor, the Court finds it to be neutral.

The second factor, the local interest in having localized disputes decided at home, weighs in favor of transfer because JJVC and its documents are located in the Middle District of Florida, the named inventors are located in the Middle District of Florida, and even Rembrandt admits this factor at least "slightly" weighs in favor of transfer. (Dkt. No. 51, at 12.)

7

The third public interest factor is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. JJVC argues that the Middle District of Florida has more familiarity with this case by virtue of the previous patent litigation in the Middle District of Florida in *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp*. JJVC incorrectly interprets the purpose of this factor. The purpose of this factor is to consider each court's familiarity with the *law* to be applied in the case—not the familiarity of *the case itself*. For example, a court in the Eastern District of Texas found that this factor weighed in favor of transfer to a court in the Southern District of Mississippi because Mississippi law would apply in the case and the Mississippi federal court would be more familiar with that law. *TV-3, Inc. v. Royal Ins. Co. of America*, 28 F. Supp. 2d 407, 420 (E.D. Tex. 1998). *See also See Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1003-1004 (E.D. Tex. 2009). In this case, however, both the Middle District of Florida and the Eastern District of Texas are equally capable of applying patent law to infringement claims. *See In re TS Tech*, 551 F.3d at 1320. Furthermore, JJVC is attempting to "double dip" by arguing that the previous litigation in *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.* makes both the "other practical problems" private factor and this factor weigh in favor of transfer. JJVC is incorrect and this factor is neutral.

Finally, the fourth factor, the avoidance of unnecessary problems of conflicts of laws, is also neutral because no conflict of laws issues are anticipated in this case.

### III. Conclusion

This Court recognizes the significant burden on a movant in a motion to transfer venue. Indeed, as this Court stated in *Texas Data Co., L.L.C. v. Target Brands, Inc.*, "[t]he Fifth Circuit in *Volkswagen II* recognized this 'significant burden' and issued a writ of mandamus to transfer only

8

after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer." Civ. No. 2:10-cv-269-TJW, --- F. Supp. 2d ----, 2011 WL 98283, at *14 (E.D. Tex. Jan. 12, 2011) (J. Ward). As discussed above, the relative ease of access to sources of proof and the availability of compulsory process to secure the attendance of witnesses weight slightly in favor of transfer, and the cost of attendance for willing witnesses and local interest weigh in favor of transfer. No factors weigh against transfer and all other factors are neutral. Therefore, JJVC has met its burden of showing that the Middle District of Florida is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. JJVC's motion to transfer venue to the United States District Court of the Middle District of Florida is GRANTED.

It is so ORDERED.

SIGNED this 19th day of July, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE